✓ FILED — LODGED
— RECEIVED — COPY
NOV 1 2 2026
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY KLP DEPUTY

Jonathan Lee Riches
9713 Baxley Ln
Port Richey, FL 34668
(202) 666-9762
truth.seeking.sleuth@gmail.com
Plaintiff, Pro Se

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jonathan Lee Riches,<br><br>Plaintiff,<br><br>v.<br><br>Ricky Vazquez,<br><br>Defendant. | Case No. CV-26-00593-TUC-JGZ<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>(17 U.S.C. § 501)<br><br>JURY TRIAL DEMANDED |

Plaintiff Jonathan Lee Riches, appearing pro se, alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq. Defendant combined material copied from two of Plaintiff's registered motion pictures into a single image and publicly displayed it on X (formerly Twitter) without permission. Plaintiff seeks an order restraining the infringement, damages, and costs.

## PARTIES

2. Plaintiff Jonathan Lee Riches is an individual residing in Port Richey, Florida. Plaintiff creates and publishes video content under the name "JLR Investigates" on YouTube and X.

3. Defendant Ricky Vazquez is an individual residing in Tucson, Pima County, Arizona. Defendant operates the X account @rickvaz, located at https://x.com/rickvaz.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because this action arises under the Copyright Act. Under 28 U.S.C. § 1338(a), no state court has jurisdiction over this claim.

5. This Court has personal jurisdiction over Defendant because Defendant resides in Tucson, Arizona.

6. Venue is proper in this District under 28 U.S.C. § 1400(a) because Defendant resides or may be found in this District.

**PLAINTIFF'S COPYRIGHTED WORKS**

7. Plaintiff is the sole author and owner of the motion picture "JLR INVESTIGATES TRAVEL" (the "Travel Work"), first published in the United States on May 30, 2026. The Travel Work was recorded at CrimeCon 2026 in Las Vegas, Nevada, and includes Plaintiff's YouTube livestream titled "BREAKING - WILD CRAZINESS!! CRIMECON! LAS VEGAS - LIVE," YouTube video ID LFK8PIKe9ps.

8. The United States Copyright Office registered the Travel Work under Registration No. PA 2-610-953, with an effective date of registration of October 23, 2026. The certificate of registration identifies Plaintiff as the author of the entire motion picture and as the copyright claimant. A true copy of the certificate of registration is attached as Exhibit A.

9. Plaintiff is the sole author and owner of the motion picture "JLR SANTA MONICA CORNDOG" (the "Corndog Work"), first published in the United States

on August 29, 2026, at https://x.com/JLRINVESTIGATES/status/2093835831593374103. The Corndog Work shows Plaintiff eating a corndog.

10. The United States Copyright Office registered the Corndog Work under Registration No. PA 2-610-962, with an effective date of registration of October 26, 2026. The certificate of registration identifies Plaintiff as the author of the entire motion picture and as the copyright claimant. A true copy of the certificate of registration is attached as Exhibit B.

11. Each registration was made within five years after first publication of the work it covers. Under 17 U.S.C. § 410(c), each certificate of registration is prima facie evidence of the validity of the copyright and of the facts stated in the certificate.

12. Plaintiff has satisfied the registration requirement of 17 U.S.C. § 411(a) for both works.

13. Plaintiff never licensed or authorized Defendant to copy, display, perform, distribute, or prepare derivative works from any part of the Travel Work or the Corndog Work.

## APPLICABLE LAW

14. Under 17 U.S.C. § 101, motion pictures "are audiovisual works consisting of a series of related images which, when shown in succession, impart an impression of motion, together with accompanying sounds, if any." Each still frame of the Travel Work and of the Corndog Work is part of the registered motion picture.

15. Under 17 U.S.C. § 106(5), the copyright owner of a motion picture has the exclusive right to display publicly "the individual images of a motion picture." Under 17 U.S.C. § 101, to display a motion picture includes "to show individual

images nonsequentially," and to display a work publicly includes transmitting a display of it "to the public, by means of any device or process."

16. Under 17 U.S.C. § 106(1), the copyright owner has the exclusive right "to reproduce the copyrighted work in copies."

17. Under 17 U.S.C. § 106(2), the copyright owner has the exclusive right "to prepare derivative works based upon the copyrighted work." Under 17 U.S.C. § 101, a derivative work "is a work based upon one or more preexisting works," including "any other form in which a work may be recast, transformed, or adapted."

18. Under 17 U.S.C. § 501(a), "[a]nyone who violates any of the exclusive rights of the copyright owner" under 17 U.S.C. § 106 "is an infringer of the copyright."

## DEFENDANT'S INFRINGING CONDUCT

19. On November 2, 2026, at 8:41 PM Arizona time, Defendant published on his X account @rickvaz a post at https://x.com/rickvaz/status/2117462051165810920 (the "Infringing Post"), captioned "Hang it in the Louvre! #transformative #JusticeForDali."

20. The Infringing Post contains a single image (the "Infringing Image") made by putting together two of Plaintiff's works: a still frame copied from the Travel Work showing Matthew Filipczuk, who publishes online as "Dali," and material from the Corndog Work showing Plaintiff eating a corndog. The Infringing Image shows Filipczuk eating a corndog. A screenshot of the Infringing Post is attached as Exhibit C.

21. The Infringing Image is a derivative work under 17 U.S.C. § 101. It recasts, transforms, and adapts material copied from the Travel Work and the Corndog Work into a new image, without Plaintiff's permission.

22. The Infringing Image was made to mimic the Corndog Work and to mock Plaintiff.

23. The Infringing Post is displayed publicly to every person who views Defendant's X account or the post.

24. On November 2, 2026, at 7:53 PM Arizona time, forty-eight minutes before publishing the Infringing Post, Defendant reposted on his X account @rickvaz a post by @RekietaLaw at https://x.com/RekietaLaw/status/2117407627869397367, which states "Posting this is not copyright infringement:" and displays a still frame from the Travel Work showing Filipczuk. A screenshot of Defendant's repost, showing "Mr. Ricky reposted" above the @RekietaLaw post, is attached as Exhibit D. The data record of Defendant's repost, at https://x.com/rickvaz/status/2117450098611478535, collected from X on November 9, 2026, is attached as Exhibit E. Defendant has since removed the repost from his X account.

25. Defendant's repost of the @RekietaLaw post shows that, before publishing the Infringing Post, Defendant knew that the use of still frames from the Travel Work was the subject of a copyright dispute. Defendant then captioned the Infringing Post with the hashtag "#transformative," a term used in copyright fair use analysis. Defendant's infringement was willful.

## COUNT I

Copyright Infringement of the Travel Work, 17 U.S.C. § 501

26. Plaintiff repeats paragraphs 1 through 25.

27. Plaintiff owns a valid, registered copyright in the Travel Work.

28. Defendant reproduced a still frame of the Travel Work, prepared the Infringing Image based on it, and publicly displayed the Infringing Image in the Infringing Post without authorization, violating Plaintiff's exclusive rights under 17

U.S.C. § 106(1), (2), and (5).

29. Under 17 U.S.C. § 501(a), Defendant is an infringer of Plaintiff's copyright in the Travel Work.

30. Defendant's infringement of the Travel Work commenced on November 2, 2026, after October 23, 2026, the effective date of its registration, so 17 U.S.C. § 412 does not bar an award of statutory damages. Plaintiff is entitled to his actual damages and Defendant's profits under 17 U.S.C. § 504(b), or, at his election under 17 U.S.C. § 504(c), to statutory damages of not less than $750 or more than $30,000, increased to not more than $150,000 because the infringement was committed willfully.

**COUNT II**

Copyright Infringement of the Corndog Work, 17 U.S.C. § 501

31. Plaintiff repeats paragraphs 1 through 25.

32. Plaintiff owns a valid, registered copyright in the Corndog Work.

33. Defendant copied material from the Corndog Work, prepared the Infringing Image based on it, and publicly displayed the Infringing Image in the Infringing Post without authorization, violating Plaintiff's exclusive rights under 17 U.S.C. § 106(1), (2), and (5).

34. Under 17 U.S.C. § 501(a), Defendant is an infringer of Plaintiff's copyright in the Corndog Work.

35. The Corndog Work was registered within three months after its first publication, and Defendant's infringement commenced on November 2, 2026, after its registration, so 17 U.S.C. § 412 does not bar an award of statutory damages. Plaintiff is entitled to his actual damages and Defendant's profits under 17 U.S.C. § 504(b), or, at his election under 17 U.S.C. § 504(c), to statutory damages of not less than $750 or more than $30,000, increased to not more than $150,000 because the

infringement was committed willfully.

## INJUNCTIVE RELIEF

36. Unless restrained by this Court, Defendant will continue to display the Infringing Image. Plaintiff has no adequate remedy at law and is entitled to injunctive relief under 17 U.S.C. § 502(a).

## PRAYER FOR RELIEF

Plaintiff requests that the Court enter judgment against Defendant and:

A. Find that Defendant infringed Plaintiff's copyrights in the Travel Work and the Corndog Work;

B. Enter temporary and final injunctions under 17 U.S.C. § 502(a) restraining Defendant from copying, displaying, distributing, or preparing derivative works from the Travel Work or the Corndog Work, including the Infringing Image;

C. Award Plaintiff his actual damages and Defendant's profits under 17 U.S.C. § 504(b), or, at Plaintiff's election, statutory damages under 17 U.S.C. § 504(c) for each of the two works infringed;

D. Award Plaintiff his full costs under 17 U.S.C. § 505; and

E. Grant any other relief the Court considers just.

## DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: November 10, 2026

/s/ Jonathan Lee Riches
Jonathan Lee Riches
9713 Baxley Ln
Port Richey, FL 34668
(202) 666-9762
truth.seeking.sleuth@gmail.com
Plaintiff, Pro Se